IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nakia Oliphant, | ) | C/A No. 3:08-70046-JFA |
| | ) | CR No. 3:06-61-JFA |
| Petitioner, | ) | |
| v. | ) | |
| | ) | ORDER |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Nakia Oliphant, filed a petition pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. Oliphant sets forth three grounds for relief in his § 2255 petition: (1) trial counsel was ineffective for failure to file a requested notice of appeal; (2) trial counsel was ineffective for failure to object to the statutory mandatory minimum sentence of 20 years; and (3) the United States Attorney committed prosecutorial misconduct with regard to its withdrawal of his Section 851 Information and stipulation to drug amounts.

After studying the parties' positions as set out in their respective submissions, the court determined that an evidentiary hearing was necessary and scheduled one accordingly. The court appointed counsel for the petitioner to represent his interests with regard solely to Ground 1—trial counsel's alleged failure to file an appeal after being requested to do so. The petitioner then filed a motion for summary judgment, through his new counsel, contending that as a matter of law, petitioner was entitled to have his questions resolved on appeal. The government thereafter filed a motion to withdraw its opposition to the petitioner's failure to

1

file an appeal claim, noting that it believes the most expeditious course of action is for the court to grant relief to allow him to file a notice of appeal, while not conceding any error on behalf of petitioner's trial counsel.

GROUND 1

Petitioner's first ground is that he requested that his counsel file a notice of appeal and that counsel's failure to do so constitutes ineffective assistance of counsel. The government has moved for summary judgment with a supporting affidavit of petitioner's counsel, Kathy Price Elmore.[1]

In his motion and supporting affidavit, submitted under penalty of perjury, Oliphant contends that he requested counsel file an appeal by writing counsel and leaving a voicemail on her answering machine. Oliphant also argues that the mere fact that counsel sent him a letter informing him that he had ten days to appeal does not preclude counsel's duty to file a requested appeal.

It is well settled that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel—irrespective of the merits of the appeal. *Evitts v. Lucy*, 469 U.S. 387, 391–405 (1985). This per se rule, however, does not apply unless defendant *requests* counsel to appeal. *United States v. Foster*, 68 F.3d 86, 88–89 (4th Cir. 1995). "An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." *United States v. Witherspoon,* 231 F.3d 923, 926 (4th

---

[1] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court apprised the petitioner of his right and obligation to respond to the motion for summary judgment, and the petitioner timely did so.

Cir. 2000); see also *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.").

Furthermore, the Fourth Circuit has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993).

In the instant matter, the primary issue is whether the petitioner asked trial counsel to appeal his judgment and whether trial counsel was ineffective for failing to timely file a notice of appeal. There is conflicting sworn affidavit testimony as to whether the petitioner made such a request. In an abundance of caution, the Court will assume an appeal was timely requested by the Petitioner. "[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." *United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007) (*quoting Peguero v. United States*, 526 U.S. 23, 28 (1999), *see also United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993). When faced with such an allegation from a habeas petitioner, the court may vacate the judgment of conviction and immediately enter a new judgment from which a direct appeal may be taken. This action will allow the petitioner to make a timely appeal pursuant to the Federal Rules of Appellate Procedure.

The court is mindful of petitioner's waiver of his direct appeal in his plea agreement.

3

However, an appeal waiver would not preclude a direct appeal in all circumstances. For example, a defendant who had signed an appeal waiver would still be able to appeal issues not within the scope of the waiver, and would be able to appeal a sentence imposed in excess of the statutory maximum; a sentence based on a constitutionally impermissible factor such as race; or proceedings conduction in violation of the Sixth Amendment right to counsel following the entry of a guilty plea. *United States v. Attar*, 38 F.3d 727, 732–33 (4th Cir. 1994).

Mindful of these circumstances and existing case law,[2] the court determines that petitioner's motion should be granted in part as it pertains to Ground 1. In the interest of restoring petitioner's right of direct appeal, the Judgment Order in Criminal Case No. 3:06-61-JFA entered April 23, 2007 is hereby vacated. The court will reenter judgment on this date by a separate Judgment and Commitment Order.

Pursuant to Federal Rule of Appellate Procedure 4(b)(i), petitioner is hereby expressly notified that a Notice of Appeal in his criminal case must be filed with the Clerk of the United States District Court for the District of South Carolina, 901 Richland Street, Columbia, South Carolina, within fourteen (14) days of the entry of the new Judgment Order in Criminal Case No. 3:06-61-JFA.

The $5.00 filing fee for the notice of appeal and the $450 docketing fee should also

---

[2] *See, e.g., Gomez-Dial v. United States*, 433 F.3d 788, 793 (11th Cir. 2005) ("If the evidence establishes . . . Petitioner's attorney acted contrary to his client's wishes . . . prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions in his appeal waiver.").

4

be submitted with the Notice of Appeal. In the alternative, at the time the Notice of Appeal is submitted, petitioner may, in accordance with the provisions of Fed R. App. Proc. 24(a), seek leave to proceed in forma pauperis. The Clerk shall provide petitioner with the standard form for a motion to proceed in forma pauperis.

Petitioner also has the right to the assistance of counsel on his direct appeal. See *Douglas v. California*, 372 U.S. 353, 357–58 (1963). The court hereby directs the Clerk to appoint attorney David Betts to assist the petitioner with the pursuit of his direct appeal.

Grounds 2 and 3

With regard to Oliphant's other claims, the United States Court of Appeals for the Fourth Circuit, in *United States v. Killian*, 22 F. App'x 300 (4th Cir. 2001), instructed that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court may not consider the merits of any of the remaining claims in the § 2255 motion, but must instead dismiss those claims without prejudice. Because this court is granting the petitioner's requested relief and allowing a new judgment to be entered to re-start the appeal time, the court will not address Grounds 2 and 3 at this time.

CONCLUSION

For the reasons contained herein, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is granted in part as to Ground 1, and dismissed *without prejudice* as to Grounds 2 and 3. Accordingly, the respondent's motion for summary judgment and petitioner's motion for summary judgment are moot.

The Clerk shall notify the parties (including the United States Marshal and Bureau of Prisons) that the evidentiary hearing is cancelled.

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

IT IS SO ORDERED.

August 3, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge